IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2045-D

| | | |
|---|---|---|
| CHRISTOPHER L. BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |

On February 21, 2025, Christopher L. Brown ("Brown" or "petitioner"), a pretrial detainee proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On March 6, 2025, Brown refiled his petition on the correct form [D.E. 4]. As explained below, the court conducts its preliminary review of the petition under 28 U.S.C. § 2243 and dismisses the petition.

Brown challenges his pending criminal charges in Robeson County Superior Court. See [D.E. 4] 1–2. Brown alleges that his trial keeps getting continued despite his right to a speedy trial, that he fired his attorneys because they were not prepared for trial, that false documents were filed to continue his trial, and that the state court is hindering his right to a speedy trial. See id. at 6–8. Brown seeks dismissal of his state criminal charges. See id. at 8.

"[H]abeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Jud. Cir. Court, 410 U.S. 484, 489 (1973) (quotation omitted); see Younger v. Harris, 401 U.S. 37, 43 (1971). In Braden, the Supreme Court allowed a pretrial detainee's habeas petition to proceed because the petitioner "was not attempting to litigate the merits of an

affirmative defense to his state prosecution. Rather, [the petitioner's] habeas petition simply asked the federal courts to enforce the state's obligation to provide him with a state court forum." Brown v. Ahern, 676 F.3d 899, 902 (9th Cir. 2012) (cleaned up); see Braden, 410 U.S. at 492–93.

Brown does not plausibly allege any deficiency in the state judicial process that qualifies as a "special circumstance." See Braden, 410 U.S. at 489; Santos v. Holloway, No. 5:24-3328-SAL-KDW, 2024 WL 4393196, at *2 (D.S.C. Aug. 22, 2024) (unpublished), report and recommendation adopted, 2024 WL 4381485 (D.S.C. Oct. 3, 2024) (unpublished). Thus, the court dismisses the petition without prejudice.

In sum, the court DISMISSES WITHOUT PREJUDICE the petition [D.E. 4] and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 5 day of November, 2025.

JAMES C. DEVER III
United States District Judge